UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSLAN SADIKHOV,<br><br>                Plaintiff,<br><br>        -against-<br><br>DANIEL F. MARTUSCELLO, III,<br>FRANCISCO MOREIRA, KEITH SPOSATO,<br>KERON WILLIAMS, and MELODY PEREZ,<br><br>           Defendants.* | 24-CV-6621 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Ruslan Sadikhov, who is appearing pro se and is currently incarcerated,[1] brings this Action asserting claims of violations of his federal constitutional rights. In two recently-filed Amended Complaints that contain substantially similar allegations, he seeks damages and injunctive relief, and he sues: (1) Correction Officer Francisco Moreira, (2) Former Correction Officer Keith Sposato, (3) Correction Officer Keron Williams, (4) Sergeant Melody Perez, and (5) NYS DOCCS Commissioner Daniel F. Martuscello, III. (Am. Compl. 3 (Dkt. No. 34); *see also* Am. Compl. (Dkt. No. 32).) The Court construes these documents as asserting claims pursuant to 42 U.S.C. § 1983.

---

    * The Clerk of Court is respectfully directed to conform the caption to the above.

    [1] It is not clear precisely where Plaintiff is incarcerated. His latest communications to the Court show a return address of Auburn Correctional Facility, (*see* Letter from Ruslan Sadikhov to Court (Feb. 17, 2026) (Dkt. No. 33)), but the Department of Corrections and Community Supervision ("DOCCS") lookup tool suggests that he is being housed at Upstate Correctional Facility. *See* Incarcerated Lookup (last visited Apr. 23, 2026) https://nysdoccslookup.doccs.ny.gov/.

By order dated October 10, 2024, the Court granted Plaintiff's request to proceed in forma pauperis, that is, without prepayment of fees.[2] (Dkt. No. 7.)  As the Attorney General's Office does not appear to object to Plaintiff's filing the Amended Complaint(s), (*see* Letter from Jennifer Goltche, Esq. to Court (Mar. 5, 2026) (Dkt. No. 35)), the Court accepts these documents as the operative pleadings in this Action, *see Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 82 (E.D.N.Y. 2010) ("[B]ecause the [d]efendants[] did not object to the Amended Complaint . . . the Court accepts both as the operative pleadings in this matter."); *Markham v. Rosenbaum*, No. 20-CV-6039, 2020 WL 3316099, at *2 (W.D.N.Y. June 18, 2020) ("Although [the p]laintiff's time to amend the complaint as of right expired with respect to some [of the d]efendants, because the complaint and amended complaint are virtually identical and because no [d]efendant has made any claim to the contrary, the [c]ourt will accept the amended complaint as the operative pleading." (citations omitted)).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d.119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order the Marshals Service to effect service if the plaintiff is authorized to proceed IFP).  To allow Plaintiff to effect service of the Amended Complaints on Correction Officer Francisco Moreira, Former Correction Officer Keith Sposato, Correction Officer Keron Williams, and Sergeant Melody

---

[2]  Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. See 28 U.S.C. § 1915(b)(1).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Perez, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for each of those Defendants. The Clerk of Court is further instructed to issue summonses for each of those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the Complaint on each of those defendants.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Additionally, Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, Correction Officer Francisco Moreira, Former Correction Officer Keith Sposato, Correction Officer Keron Williams, and Sergeant Melody Perez must serve responses to those standard discovery requests. In their responses, those Defendants must quote each request verbatim.[4]

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Correction Officer Francisco Moreira, Former Correction Officer Keith Sposato, Correction Officer Keron Williams, and Sergeant Melody Perez, complete the USM-285 form with the address for each of these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. Within 120 days of the date of service, these Defendants must also comply with Local Civil Rule 33.2.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff. The Court additionally directs the Clerk of Court to mail a copy of this order to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

SO ORDERED.

Dated:   April 24, 2026
         White Plains, New York

_____
        KENNETH M. KARAS
     United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Francisco Moreira
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Keith Sposato
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Keron Williams
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Melody Perez
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Daniel F. Martuscello III, Commissioner
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #9
   Albany, New York 12226